Filed 4/17/26  Marriage of J.C. and M.C. CA4/3

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| In re the Marriage of J.C. and M.C. | |
| J.C.,<br><br>    Respondent,<br><br>        v.<br><br>M.C.,<br><br>    Appellant. | G065089<br><br>(Super. Ct. No. 15D005137)<br><br>O P I N I O N |

Appeal from postjudgment orders of the Superior Court of Orange County, Carmen R. Luege, Judge. Reversed and remanded. Motion to augment denied.

Law Offices of Lisa R. McCall, Lisa R. McCall and Erica M. Barbero for Appellant.

No appearance for Respondent.

Appellant M.C. (Wife) challenges the trial court's denial of her request for appellate attorney fees, its appointment of a "special master," and its order for co-parenting counseling in this marriage dissolution proceeding. We agree that the court erred in these rulings.[1] The denial of fees was based on the incorrect premise that Wife's prior appeal was groundless. The court's sua sponte reference of matters to a "special master" was overbroad. And the court failed to make a required finding when it ordered co-parenting therapy. We reverse and remand.[2]

FACTS

I.

INITIAL PROCEEDINGS AND JUDGMENT

Respondent J.C. (Husband) petitioned to dissolve the parties' marriage in 2012. The family lived in the Bay Area but Wife later moved to Orange County with the parties' son. Husband initially followed them but later moved away after he lost his job.

The trial court (then-Judge Maurice Sanchez) held a trial on permanent custody and visitation arrangements in June 2019. In a thorough minute order issued after trial, the court detailed its findings and its visitation and custody orders. It granted Wife sole legal custody but stated

---

[1] This court's opinion in the prior appeal included only the parties' initials to protect the privacy of their minor child. (See Cal. Rules of Court, rule 8.90(b)(1) [children in Fam. Code proceedings], (11) [persons whose names may identify protected person].) We do the same here.

[2] We need not address Wife's contention that the trial court erred by denying her motion to vacate the challenged orders. Nor do we address her claim that the court erred by failing to rule on other requests she had made—those requests remain pending before the court and will be addressed in due course on remand.

that Husband could raise the issue again when he returned to Orange County. The court directed Wife's counsel to prepare a formal judgment. It later ruled on certain financial issues that had previously been reserved.

Wife, who was now self-represented, submitted a proposed judgment on the mandatory FL-180 form in 2021. She checked the box indicating the proceeding had been "Contested." She included a typed 15-page attachment detailing the procedural history of the case, along with the court's findings and rulings on disputed issues. The last page of the attachment stated: "THE FOREGOING IS AGREED TO BY:" and included signature lines for both parties. Wife signed the document; Husband did not. Above the judge's signature line, the attachment stated: "APPROVED AS CONFORMING TO THE AGREEMENT OF THE PARTIES." Wife also attached a standard form titled "DECLARATION FOR DEFAULT OR UNCONTESTED . . . DISSOLUTION" but did not check the boxes indicating a default or uncontested case. The court signed the judgment on the last page of the attachment.[3]

## II.

### JUDICIAL REASSIGNMENT AND WIFE'S PRIOR APPEAL

Shortly after the 2021 judgment, Husband returned to Orange County. He filed a request for order, seeking joint custody and additional visitation time. The case was reassigned to Judge Carmen R. Luege.

Following a hearing, the trial court granted Husband joint custody of the child, concluding his return to Orange County was a substantial change in circumstances warranting modification. It also suggested the 2021 judgment was "probably void," rendering a substantial

---

[3] The FL-180 form includes a judge's signature line on the second page.

3

change unnecessary, but it did not set the judgment aside because Husband had not challenged it. The court granted Husband additional visitation beyond what he had expressly requested and issued sua sponte orders regarding the child's schooling.

Wife, now represented by counsel, appealed these postjudgment orders, partially relying on the 2021 judgment. In a lengthy opinion, this court affirmed in part and reversed in part. (*In re Marriage of J.C.* (Feb. 13, 2024, G062261) [nonpub. opn.].) It concluded Husband's return to Orange County constituted a sufficient change in circumstances and found no reversible error in the custody orders. It noted the trial court's suggestion that the 2021 judgment may be void but expressed no opinion on that issue. This court expressed concerns about the trial court's analysis of an incident between Wife and the child but concluded any error was not prejudicial. It also concluded the visitation orders were within the scope of the issues before the trial court.

However, this court reversed the schooling orders, concluding they "were not requested by either party, were not litigated at the evidentiary hearing, and did not pertain to issues otherwise before the [trial] court." In a final note, this court stated, "The trial court's unexpected schooling orders and its critique of [Wife]'s conduct . . . prompt us to remind the court that family law cases involve delicate matters that can have far-reaching consequences for all involved, and they therefore call for a sensitive and judicious approach."

III.

PROCEEDINGS ON REMAND

On remand, Wife filed requests for orders seeking (1) $40,000 in appellate attorney fees based on the parties' financial disparity (Fam. Code,

4

§ 2030, subd. (a)), and (2) various additional orders concerning Husband's conduct. Following a hearing, the trial court denied wife's request for attorney fees, concluding that awarding them would be a "miscarriage of justice" given Wife's litigation tactics. According to the court, the 2021 judgment was facially void because Wife's proposed judgment "created the false impression that the judgment was the result of a stipulated agreement." It concluded Wife's prior appeal of the court's orders in reliance on that judgment was therefore sanctionable.

The trial court did not rule on the merits of Wife's remaining requests. Instead, on its own motion, the court appointed a "special master." Citing Code of Civil Procedure section 639, the court authorized the "special master" to "work with the parents to teach and assist them in making joint decisions to manage the child's medical, psychological, and educational needs and work-out a schedule to implement the treatment plan." If the parties were unable to agree, the "special master" was empowered to make recommendations on numerous matters, including (a) determining necessary medical and therapeutic interventions for the child and selecting providers; (b) scheduling appointments; (c) selecting recreational activities; (d) determining the most appropriate educational setting for the child; (e) "addressing disciplinary issues"; (f) deciding if the parents needed psychological assessments and psychotherapy and recommending providers; and (g) modifying timesharing schedules.

The trial court also ordered the parties to participate in co-parenting counseling, with each party to bear half the cost. It made no findings on the financial burden created by this order.[4]

---

[4] We deny Wife's motion to augment the record on appeal as unnecessary.

5

DISCUSSION

I.

THE JUDGMENT WAS NOT VOID AND THE TRIAL COURT ERRED BY DENYING
WIFE APPELLATE ATTORNEY FEES ON THAT GROUND

When a financial disparity affects access to representation in a
marriage dissolution case, the needy party is entitled to reasonably necessary
attorney fees, excluding fees for services that only prolonged or complicated
the litigation. (Fam. Code, § 2030, subd. (a)(1) & (2); *In re Marriage of
Nakamoto & Hsu* (2022) 79 Cal.App.5th 457, 469.) A spouse seeking appellate
fees must show that the appeal was taken in good faith and had reasonable
grounds. (*In re Marriage of Nakamoto & Hsu*, at pp. 473–474.) We review the
court's denial of appellate fees under the statute for abuse of discretion. (*Id.*
at p. 474)

The trial court denied fees based on its erroneous conclusion that
the 2021 judgment, on which Wife's prior appeal partially relied, was facially
void. "A judgment is void if the trial court lacks jurisdiction in a fundamental
sense, as where it lacked subject matter jurisdiction, lacked personal
jurisdiction over the defendant, or granted relief the court had no power to
grant." (*W. Bradley Electric, Inc. v. Mitchell Engineering* (2024) 100
Cal.App.5th 1, 13.) Whether a judgment is facially void is a question of law
reviewed de novo. (*Calvert v. Al Binali* (2018) 29 Cal.App.5th 954, 961.) We
draw every presumption in favor of the judgment's validity. (*People v.
Allegheny Casualty Co.* (2007) 41 Cal.4th 704, 716.)

Even assuming that misleading the court to believe a proposed
judgment was stipulated would render the judgment void, nothing suggests
the prior judge was misled. Initially, we question whether the statement that
the proposed judgment's content was "AGREED TO" tended to suggest it was

6

a stipulated judgment; instead, it may have been an attempt to say that the judgment was approved as to form.

Regardless, the judge who signed the 2021 judgment had presided over the contested hearing. The proposed judgment itself noted that the matter had been "Contested." It recited the procedural history and detailed the court's rulings on disputed issues. And it did not bear Husband's signature.

Under these circumstances, the self-represented Wife's inclusion of stock language about a supposed agreement between the parties was surplusage that could not have misled the court. The same is true for her standard form declaration, which did not check the boxes for a default or uncontested case. The 2021 judgment was therefore not facially void and Wife's reliance on it in the prior appeal was not groundless.

Nor was the prior appeal otherwise frivolous or taken in bad faith. This court addressed the merits of Wife's claims in a lengthy decision, granted her partial relief, and admonished the trial court regarding certain aspects of its rulings. At no point did the opinion suggest that the appeal lacked reasonable grounds.

Because the trial court based its denial of fees on its erroneous conclusion that Wife's prior appeal was sanctionable, it abused its discretion. On remand, the court shall reconsider Wife's request according to the statutory framework. We express no view on her entitlement to fees.

## II.

## THE COURT'S REFERENCE OF MATTERS TO A
## "SPECIAL MASTER" EXCEEDED THE SCOPE OF ITS AUTHORITY

The trial court has no authority to assign matters to a referee or "special master" for decision without explicit statutory authorization.[5] (*Ruisi v. Thieriot* (1997) 53 Cal.App.4th 1197, 1208 (*Ruisi*).) Courts are statutorily authorized to appoint a person to make advisory findings on a "question of fact" that "arises" in the action.[6] (Code Civ. Proc., § 639, subd. (a)(3); see, e.g., *In re Marriage of Petropoulos* (2001) 91 Cal.App.4th 161, 167 [upholding reference of parties' income and assets for property division and spousal support purposes].) The question must be "presently before the court"—"[t]he trial court has no authority to compel a reference of unknown future disputes." (*Ruisi,* at p. 1210.) We consider whether the trial court exceeded its authority de novo. (*Michael S. Yu, A Law Corp. v. Superior Court* (2020) 56 Cal.App.5th 636, 644.)

The trial court's order exceeded statutory limits. The order did not simply refer discrete factual questions but purported to empower the "special master" to "teach and assist [the parties] in making joint decisions to manage the child's medical, psychological, and educational needs and work-

---

[5] The phrase "special master" is sometimes used in family law though no statute provides for appointing one. Statutes instead allow appointment of a referee (Code Civ. Proc., § 639), a 730 expert (Evid. Code, § 730), a child custody evaluator (Fam. Code, § 3111), and a minor's counsel (*id.*, § 3150). Avoiding the phrase "special master" altogether might encourage adherence to the statutory requirements for the specific appointment.

[6] The statute authorizes referral in other circumstances not applicable here. (See Code Civ. Proc., § 639, subd. (a) [listing special proceedings, accounting, and discovery].)

out a schedule to implement the treatment plan." This assignment gave the "special master" the role of manager and advisor, something the statute does not contemplate.

Similarly, the trial court entrusted the "special master" with inherently discretionary decisions, like selecting medical providers for the child, scheduling appointments, and choosing recreational activities. Nothing in the statute suggests a "special master" may be assigned these responsibilities.

And the court's reference was not limited to disputes pending before it. It improperly authorized the "special master" to address categories of issues, without any temporal limitation.[7] (See *Ruisi v. Thieriot, supra*, 53 Cal.App.4th at p. 1210 [reference of "'any and all issues regarding custody'" was overbroad because it encompassed potential future issues].) We therefore reverse the trial court's order.[8]

## III.

### THE TRIAL COURT ERRED BY ORDERING CO-PARENTING THERAPY WITHOUT MAKING THE REQUIRED FINDING

Under certain conditions, a family court may require parents to participate in limited outpatient counseling (Fam. Code, § 3190, subd. (a)), "specifically designed to facilitate communication between the parties regarding their minor child's best interest, to reduce conflict regarding

---

[7] We observe that some of the issues included in the court's order, like determining the most appropriate educational setting for the child, were unrelated to any request by the parties.

[8] We do not preclude the court from making a proper order appointing a referee, a 730 expert, a child custody evaluator, or a minor's counsel.

custody or visitation, and to improve the quality of parenting skills of each parent" (*id.,* § 3191). But when doing so, the court must "set forth reasons why it has found" that the resulting financial burden would not "jeopardize a party's other financial obligations." (*Id.*, § 3190, subd. (d)(2).)

Here, the trial court ordered co-parenting therapy and directed the parties to share the cost equally, without making the required finding. Wife notes she had previously been determined to be indigent and asserts the financial burden of therapy was substantial. On this record, we cannot find that the court's failure to make the necessary finding was harmless. We therefore reverse the court's order.

DISPOSITION

The trial court's orders are reversed and the matter is remanded for further proceedings consistent with this opinion. Wife is awarded costs on appeal.

SCOTT, J.

WE CONCUR:

GOODING, Acting P. J.

BANCROFT, J.*

*Judge of the Orange County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.